**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JEFFREY FREEMAN,**<br>Plaintiff**,**<br>vs.<br>**INDOCHINO APPAREL, INC., ET AL.,**<br>Defendants**.** | CASE NO. 19-cv-04539-YGR<br>**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT; SETTING CASE MANAGEMENT CONFERENCE**<br>Re: Dkt. No. 37 |

Defendants Indochino Apparel Inc., Indochino Apparel (US), Inc. (collectively "Indochino") sell made-to-measure clothing such as suits, tuxedos, blazers, vests and pants. Plaintiff Jeffrey Freeman brings this consumer class action alleging that defendants engaged in a systematic and pervasive false reference pricing scheme by deceptively advertising through their website, in stores, via e-mails and on social media that their clothing was "on sale" and was previously sold at a substantially higher price when, in fact, the clothing was always sold at or near the falsely claimed "sale" price.

Plaintiff's First Amended Complaint, filed December 18, 2019 (Dkt. No. 35, "FAC"), alleges he bought a custom, made-to-measure suit from Indochino on August 4, 2017, in its San Francisco showroom location. Plaintiff claims he viewed the suit's pricing on Indochino's website as well as when he visited its showroom. Plaintiff alleges he was injured by Indochino's use of "reference pricing." Plaintiff alleges Indochino's clothing was regularly and repeatedly advertised at substantial discounts to a specified reference price but rarely, if ever, sold at the represented reference price. Plaintiff alleges claims for violations of the California Consumer Legal Remedies Act ("CLRA," Cal. Civil Code § 1750 *et seq.*); California False Advertising Law ("FAL," Cal. Bus. & Prof. Code § 17500 *et seq.*); and California's Unfair Competition Law ("UCL," Cal. Bus. & Prof. Code § 17200 *et seq.*), as well as claims for breach of contract; and unjust enrichment.

Indochino moves to dismiss on several grounds: (1) insufficient pre-suit notice with respect to Freeman's CLRA and contract claims; (2) failure to allege plausible claims under the UCL, FAL or CLRA; (3) failure to plead a plausible breach of contract claim; (4) failure to allege a basis for and standing to pursue equitable relief; and (5) failure to allege a basis for punitive damages. The Court, having considered carefully the papers[1] and pleadings filed in support of and in opposition to the motion, **DENIES** the motion to dismiss.

# I. DISCUSSION

## A. Pre-Suit Notice

Indochino moves to dismiss the CLRA and breach of contract claims on the grounds that plaintiff failed to provide sufficient pre-suit notice as required by California Civil Code section 1760 and California Commercial Code section 2607(3)(A). The Court disagrees.

Plaintiff sent pre-suit notices to defendants on June 5, 2019, via Federal Express and July 9, 2019, by certified and registered mail. Plaintiff did not seek damages in the CLRA claim until the amendment of the complaint in December 2019. The letters informed Indochino of the facts underlying the claims here. Based upon the allegations of the FAC, plaintiff did not learn of the basis for his breach of contact claim until shortly before the first letter was sent. (FAC ¶ 12.) In light thereof, the FAC alleges timely and sufficient notice under these statutes.

## B. Plausibility of Claims of Deceptive Advertising

Indochino next argues that plaintiff's claims under the UCL, FAL, and CLRA are not plausible because no reasonable consumer likely would be deceived by the pricing practices plaintiff alleges; the references prices were not deceptive; and restitution is not available in this type of case. The Court addresses each argument in turn.

### 1. Reasonable Consumers Would Not Be Deceived

The FAC alleges that Indochino had a practice of advertising their clothing with a "sale" price adjacent to a higher, crossed-out price along with a graphic reading "Sale" or "XX% OFF"

---

[1] Defendants seek judicial notice of plaintiff's pre-suit demand letters to Indochino, referenced in the FAC, in support of their motion to dismiss. The Court **GRANTS** the unopposed request for judicial notice.

2

(FAC ¶¶ 28-35.) In addition, defendants' advertising included statements indicating the sale pricing was for a limited time, such as "April Clearance Over 100 Suits for $299 USD (you save $500) [¶] Last Chance on Our Limited Runs." (*Id.* ¶ 35.) Plaintiff alleges that the top banner of the homepage for Indochino's website nearly always included language that a "sale" was in progress and consumers had a limited time to obtain the clothing at the "sale" price, even though the clothing was always sold at the "sale" price. (*Id.*, ¶¶ 35-40.) Further, plaintiff alleges Indochino did not include any language to indicate to consumers that the False Reference Price was a comparison to another "substantially similar" product (such as "compare" or "compare at"), as opposed to the regular, original or former price of that same article of Clothing. (*Id.*, ¶¶ 3, 29-33, 42-43.)

Claims under the UCL, FAL, and CLRA concerning deceptive advertising are governed by a "reasonable consumer" standard. Under that standard, plaintiffs must plead facts showing that a "significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003); *see also Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). If the court can determine from the facts alleged that no reasonable consumer would be so deceived, dismissal may be granted. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 967 (9th Cir. 2016). More particularly here, under California statute, companies may not advertise a "former price of any advertised thing" unless it was "the prevailing market price . . . within three months next immediately preceding the publication of the advertisement." *See* Cal. Bus. & Prof. Code § 17501.

Indochino contends that the alleged pricing practices here differ significantly from reference pricing cases in which the representations were express statements like "original price" or "compare to," and all reasonable consumers would understand that the struck-through prices were comparisons to former prices of *substantially similar* items sold by another retailer. Indochino's argument essentially seeks a ruling that, as a matter of law, no reasonable consumer would their reference prices (*i.e.* "$799") as a comparison to the former price of that *identical* item. Plaintiff alleges in detail, with images from Indochino's advertising, the struck-through reference prices were coupled with representations of "sale," "You save $___," or a percentage

3

"off" the reference price, and had no accompanying language indicating that the reference price is one the consumer should "compare to" another item from another retailer. (FAC ¶¶ 28-39.) "[W]hether a business practice is deceptive will usually be a question of fact not appropriate for decision" on a motion to dismiss. *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). The Court declines find, as a matter of law, that Indochino's reference price representations would not mislead a reasonable consumer.

### 2. *Basis for Deceptiveness of Reference Prices*

Indochino further argues that plaintiff has not alleged *why* the crossed-out reference prices are deceptive, contending that plaintiff must allege more than that the "prevailing market price" was the price at which Indochino regularly sold the clothing items. Plaintiff alleges the clothing items at issue here are all custom, "made-to-measure private label Clothing sold exclusively by" Indochino. (FAC ¶ 48; *see also* ¶¶ 5, 52, 62, 111.)[2] He further alleges that Indochino "manufacture[s] and distribute[s]" the clothing at issue, is "the exclusive source for" it, clothing items are labeled only with the Indochino brand name, "is not sold by any other company and is not sold at any other retail stores or websites, other than those owned and operated by" Indochino. (*Id*. ¶ 52.) Plaintiff alleges a reasonable consumer would understand the reference prices in Indochino's advertising refer to a regular, original or former price of Indochino's clothing, not similar items of clothing sold by a different company under a different label. (FAC at ¶¶ 2-3, 41, 51, 53, 89.) Thus, the Court finds that the FAC alleges why the reference prices are deceptive.[3]

---

[2] Indochino's attempt to distinguish *Spann v. J.C. Penney Corp.*, 307 F.R.D. 508 (C.D. Cal. 2015) is unavailing. The decision there was at class certification, which explains why the court relied on a significant evidentiary presentation to support plaintiff's private label argument. Here, at the pleading stage, Freeman's detailed allegations are sufficient.

[3] In contrast to the *Branca* decision cited by Indochino, plaintiff here has alleged "he was exposed to or relied on . . . other representations by [Indochino], such as other advertisements or marketing, that le[d] him to believe that the [reference] price was a former price at which [Indochino] sold the items." *Branca v. Nordstrom, Inc.*, No. 14CV2062-MMA JMA, 2015 WL 1841231, at *7 (S.D. Cal. Mar. 20, 2015). Similar to the amended complaint in *Branca*, plaintiff has sufficiently alleged that the reference prices are deceptive. *See Branca v. Nordstrom, Inc.*, No. 14CV2062-MMA (JMA), 2015 WL 10436858, at *7 (S.D. Cal. Oct. 9, 2015) ("*Branca II*") (deceptive advertising alleged where plaintiff alleged the combination of "Compare At" with "% Savings" led him to believe the "Compare At" price was former price of the item, or at least the prevailing market price, but the truth was that the item had never been sold by defendant or any other retailer at that price).

4

### *3. Availability of Restitution On Consumer Fraud Claim*

Indochino next argues that Freeman's UCL and FAL claims should be dismissed because most, if not all, measures of restitution would be unavailable to him because he received some value from the underlying transaction. Arguing that "precedent in this Circuit bars Plaintiff from restitution for his consumer-fraud claims" (Motion, Dkt. No. 37, at 12:13-14), Indochino cites this Court's decision in *Stathakos v. Columbia Sportswear Co.*, No. 15-CV-04543-YGR, 2017 WL 1957063 (N.D. Cal. May 11, 2017) and another district court decision in *Chowning v. Kohl's Dep't Stores, Inc.*, No. CV-15-08673-RGK-SPX, 2016 WL 1072129 (C.D. Cal. Mar. 15, 2016).

Indochino misrepresents the decisions in *Stathakos* and *Chowning*. Both decisions rejected plaintiffs' particular *models* for calculating class-wide restitution at the summary judgment stage. *Stathakos*, 2017 WL 1957063 at *9-13; *Chowning*, 2016 WL 1072129, at *7-13(C.D. Cal. Mar. 15, 2016). Neither decision purports to bar restitution under all circumstances. Trial courts have broad discretion to fashion equitable relief, based upon the parties' evidentiary showing. *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 792 (2015) ("difference between the price paid and actual value received is *a* measure of restitution, not the exclusive measure"); *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 700 (2006), *as modified on denial of reh'g* (Jan. 31, 2006) (amount of restitution awarded under FAL, CLRA, and UCL "must be supported by substantial evidence").

As stated above, plaintiff's CLRA, UCL, and FAL claims are sufficiently alleged. Determination of whether plaintiff can offer a viable model for measuring restitution is premature at this point in the litigation. *See Stathakos v. Columbia Sportswear Co.*, No. 15-CV-04543-YGR, 2016 WL 1730001, at *4 (N.D. Cal. May 2, 2016) (denying motion to dismiss on identical grounds).

The motion to dismiss the CLRA, UCL, and FAL claims on the foregoing grounds is, therefore, **DENIED**.

### C. **Elements of Breach of Contract Claim**

Indochino next argues that plaintiff's breach of contract claim should be dismissed for the further reason that he has failed to plead the necessary factual elements, including the terms of the

5

contract, the nature of the breach, and the resulting damage. Indochino contends the allegations do not give fair notice of the basis for the claim, and that plaintiff has not alleged a plausible breach or damages.

The FAC alleges that plaintiff entered into a contract with defendants when he purchased clothing, subject to the defendants' terms and conditions, including those in his order confirmation. (FAC ¶ 108.) Freeman alleges that the contracts stated Indochino would provide a product that had a value equal to the reference price and failed to do so, instead providing clothing of a quality "materially less than the value of the Clothing set forth in the contracts." (FAC ¶¶ 111, 114, 115.) Freeman has alleged the required elements of his breach of contract claim. *Cf. Munning v. Gap, Inc.*, No. 16-CV-03804-TEH, 2016 WL 6393550, at *7 (N.D. Cal. Oct. 28, 2016) (advertised price reductions were material and supported claim for breach of contract based on allegations that plaintiffs did not receive "benefit of the bargain," *i.e.*, higher-value product at a price reduction) (citing *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1107 (9th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (July 8, 2013)).[4]

Finally, Indochino's argument that "Plaintiff does not give even an estimated amount or propose any way to calculate these purported damages" (Reply, Dkt. No. 42, at 6:25-26), misunderstands plaintiff's pleading burden. Such issues are premature and not a valid basis to dismiss the breach of contract claim. The motion to dismiss on these grounds is **DENIED**.

### D. Equitable Relief

Next, Indochino offers three reasons why Freeman's claims for equitable relief should be dismissed: (1) failure to allege legal remedies would not be adequate; (2) lack of standing for injunctive relief to address any future harm; and (3) unjust enrichment is not a claim recognized in California law. All three bases are without merit.

Plaintiff may allege claims in the alternative at the pleading stage. The equitable remedies

---

[4] Further, Indochino's attempt to distinguish *Munning*'s contract terms from those alleged here fails. As Indochino acknowledges, the basis for the contract claim in *Munning* was the allegation that "a full price that was struck through, followed by a percentage discount and the phrase "now $16.99." *Munning*, 2016 WL 6393550, at *7. Plaintiff has alleged nearly identical circumstances, and more. (See, e.g., FAC Exh. 1 [order confirmation stating "discount: $450"].)

6

afforded by the UCL and CLRA are expressly stated to be in addition to other available remedies at law. *See* Cal. Bus. & Prof. Code § 17205; Cal. Civ. Code § 1752, 1780(a).

With respect to injunctive relief, plaintiff alleges that, regardless of any pricing policy changes implemented by Indochino on present iteration of its website, he cannot be certain that Indochino will not revert to its prior alleged practices in the absence of injunctive relief. (FAC ¶¶ 60, 62, 85.) A plaintiff sufficiently alleges standing for prospective injunctive relief based upon a threat of future injury where the complaint alleges he "faces the similar injury of being unable to rely on [defendant's] representations . . . in deciding whether or not . . . [to] purchase the product in the future." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 971–72 (9th Cir.), *cert. denied,* 139 S. Ct. 640 (2018). Plaintiff has done so here. Indochino is alleged to have misrepresented that it offered custom-made suits at a steep discount when in fact the suits were never sold at the higher reference price. Plaintiff plausibly alleges a continued desire to purchase custom-made clothing from Indochino in the future if it accurately represents the prevailing market value of that clothing. (FAC ¶¶ 58, 59, 60.) *Cf. Lepkowski v. CamelBak Prod., LLC*, No. 19-CV-04598-YGR, 2019 WL 6771785, at *3 (N.D. Cal. Dec. 12, 2019) (finding lack of a plausible allegation that plaintiff intended to purchase water bottle from defendant in the future where she alleged she would never purchase a water bottle that was not "spillproof").

With regard to unjust enrichment, Ninth Circuit law is well-settled that the claim alleged here is cognizable and not duplicative of other claims for breach of contract or restitution. *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) ("quasi-contract" cause of action based on allegations of misleading labeling and resulting unjust enrichment of defendant sufficiently alleged and not duplicative).

Thus, Indochino's motion on these grounds is **DENIED**.

### E. Punitive Damages

Finally, Indochino argues that the Court should dismiss plaintiff's prayer for punitive damages, even while acknowledging that California Civil Code section 1780(a)(4) expressly permits such damages. Indochino argues the statute does not give plaintiff an entitlement to such damages, but instead plaintiff must offer substantial evidence to support such an award.

7

California Civil Code section 3294(a) sets the standard for an award of punitive damages on a state law claim, requiring plaintiff to show that the defendant's conduct evinces "oppression, fraud or malice." Plaintiff alleges fraudulent and misleading conduct. As with other arguments by Indochino, dismissal of plaintiff's request for punitive damages at this stage is premature and without a substantial basis. The motion on these grounds is **DENIED**.

## II. CONCLUSION

Indochino's motion to dismiss is **DENIED** on all grounds stated.

Defendants shall file their answer to the FAC within 14 days of this Order.

An initial case management conference is hereby scheduled for **April 6, 2020, at 2:00 p.m.** The parties shall file an updated joint case management statement **seven** days in advance of the conference.

This terminates Docket No. 37.

**IT IS SO ORDERED.**

Dated: March 11, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**